UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 05-60099(ALG)

In re

114 TENTH AVENUE ASSOC INC.,

Debtor.

WHEREAS, Debtor 114 Tenth Avenue Assoc. Inc. (the "Debtor") was until March 25, 2009 the owner of real property known as 114 Tenth Avenue, New York, New York (the "Premises"); and

WHEREAS the Debtor was a defendant in a pre-Petition real property tax foreclosure proceeding under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") in the Supreme Court of the State of New York, New York County (the "State Court"), entitled *NYCTL 1999-1 Trust v. 114 Tenth Avenue Assoc. Inc.*, Index No. 109239/2003 (the "State Court Action"); and

WHEREAS Carlton Capital Corp. ("Carlton") was the successful auction vendee with a bid of $2,000,000.00 for the Premises at the pre-Petition foreclosure sale held on May 18, 2005 (the "Foreclosure Sale") pursuant to a Judgment of Foreclosure and Sale ("Foreclosure Judgment") entered in the State Court Action; and

WHEREAS in an Order entered March 7, 2006, this Court modified the automatic stay "to permit the continuation and completion of the pending State Court reargument and appellate process"; and

WHEREAS in an Order entered May 24, 2006, this Court permitted the Debtor "to dedicate its interest in surplus monies for the purposes of obtaining a CPLR §5519 stay pending appeal in the State Court Action"; and

WHEREAS, after all applicable legal proceeds were exhausted, on March 25, 2009, pursuant to the Foreclosure Judgment and RPAPL § 1353 the Referee held the closing of the Foreclosure Sale, conveyed a deed to the Premises to Carlton's assignee, Highline Properties, LLC, ("Highline") and received the balance of the $2,000,000.00 purchase price; and

WHEREAS, also on March 25, 2009, pursuant to RPAPL §§ 1354 & 1355, the Referee filed a Referee's Report of Sale with the State Court and deposited with the Clerk of the County of New York the sum of $1,934,048.90, representing the purchase price after the Referee's computation and payment of the Foreclosure Judgment and other charges and impositions under RPAPL § 1354 (the "Sale Surplus"); and

WHEREAS pursuant to an order of this Court, the Sale Surplus was turned over to Debtor's Counsel to hold pending further order of this Court; and

WHEREAS, Claimants, Carlton Capital Corp. ("Carlton") and Highline Properties, LLC ("Highline", and collectively the "Claimants") have timely filed a Property Proof of Claim against the Sale Surplus (Claims Registry No. 10), and subsequently timely filed an Amended Property Proof of Claim (Claim Registry No. 14) (collectively, the "Proof of Claim"), and the debtor have duly objected thereto; and

WHEREAS, the Debtor having filed an adversary proceeding against the Claimants in this Court under Case Number 09-1514 seeking a judgment in the amount of $10,486.98, representing the allocable amount of property taxes on the premises covering the period March 25, 2009 through June 30, 2009 (the "Adversary Proceeding"); and

WHEREAS, the Debtor having reserved its rights to prosecute an additional claim against Claimants for the amount of all taxes assessed and becoming liens against the premises after May 18, 2005, for a total of $145,421.36 plus interest (the "Tax Claim"); and

WHEREAS the Court having adjourned its pre trial conference on these matters to permit the parties time to explore settlement possibilities; and

WHEREAS, by separate stipulation, Tomislav Krstic, Zivadin Krstic, and Danijela Krstic, have agreed to surrender vacant possession of Apartments 1, 2, 3, and 5 at the Premises to the Claimants (the "Krstic Stipulation"); and

WHEREAS, by separate stipulation, Mary Koziara has agreed to surrender vacant possession of Apartment 9 at the Premises to the Claimants (the "Koziara Stipulation");

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Undersigned that:

1. Upon condition that Tomislav Krstic, Zivadin Krstic, and Danijela Krstic, actually and timely surrender vacant possession of Apartments 1, 2, 3 and 5 at the Premises to the Claimants pursuant to terms of a Stipulation of even date, before the Civil Court captioned Highline Properties, LLC v Krstic, et. al., and Index Nos.: 73439/10, Index No.: 73440/10, Index No. 73441/10, and Index No.: 73442/10, the Debtor hereby withdraws al claims it has or may have against the Claimants, including but not limited to those claims, as identified in the Adversary Proceeding, and thos claims identified as the Tax Claim, with prejudice; and

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

114 TENTH AVENUE ASSOC INC.,

Debtor.

Case No. 05-60099(ALG)

WHEREAS, Debtor 114 Tenth Avenue Assoc. Inc. (the "Debtor") was until March 25, 2009 the owner of real property known as 114 Tenth Avenue, New York, New York (the "Premises"); and

WHEREAS the Debtor was a defendant in a pre-Petition real property tax foreclosure proceeding under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") in the Supreme Court of the State of New York, New York County (the "State Court"), entitled *NYCTL 1999-1 Trust v. 114 Tenth Avenue Assoc. Inc.*, Index No. 109239/2003 (the "State Court Action"); and

WHEREAS Carlton Capital Corp. ("Carlton") was the successful auction vendee with a bid of $2,000,000.00 for the Premises at the pre-Petition foreclosure sale held on May 18, 2005 (the "Foreclosure Sale") pursuant to a Judgment of Foreclosure and Sale ("Foreclosure Judgment") entered in the State Court Action; and

WHEREAS in an Order entered March 7, 2006, this Court modified the automatic stay "to permit the continuation and completion of the pending State Court reargument and appellate process"; and

WHEREAS in an Order entered May 24, 2006, this Court permitted the Debtor "to dedicate its interest in surplus monies for the purposes of obtaining a CPLR §5519 stay pending appeal in the State Court Action"; and

WHEREAS, after all applicable legal proceeds were exhausted, on March 25, 2009, pursuant to the Foreclosure Judgment and RPAPL § 1353 the Referee held the closing of the Foreclosure Sale, conveyed a deed to the Premises to Carlton's assignee, Highline Properties, LLC, ("Highline") and received the balance of the $2,000,000.00 purchase price; and

WHEREAS, also on March 25, 2009, pursuant to RPAPL §§ 1354 & 1355, the Referee filed a Referee's Report of Sale with the State Court and deposited with the Clerk of the County of New York the sum of $1,934,048.90, representing the purchase price after the Referee's computation and payment of the Foreclosure Judgment and other charges and impositions under RPAPL § 1354 (the "Sale Surplus"); and

WHEREAS pursuant to an order of this Court, the Sale Surplus was turned over to Debtor's Counsel to hold pending further order of this Court; and

WHEREAS, Claimants, Carlton Capital Corp. ("Carlton") and Highline Properties, LLC ("Highline", and collectively the "Claimants") have timely filed a Property Proof of Claim against the Sale Surplus (Claims Registry No. 10), and subsequently timely filed an Amended Property Proof of Claim (Claim Registry No. 14) (collectively, the "Proof of Claim"), and the debtor have duly objected thereto; and

WHEREAS, the Debtor having filed an adversary proceeding against the Claimants in this Court under Case Number 09-1514 seeking a judgment in the amount of $10,486.98, representing the allocable amount of property taxes on the premises covering the period March 25, 2009 through June 30, 2009 (the "Adversary Proceeding"); and

WHEREAS, the Debtor having reserved its rights to prosecute an additional claim against Claimants for the amount of all taxes assessed and becoming liens against the premises after May 18, 2005, for a total of $145,421.36 plus interest (the "Tax Claim"); and

WHEREAS the Court having adjourned its pre trial conference on these matters to permit the parties time to explore settlement possibilities; and

WHEREAS, by separate stipulation, Tomislav Krstic, Zivadin Krstic, and Danijela Krstic, have agreed to surrender vacant possession of Apartments 1, 2, 3, and 5 at the Premises to the Claimants (the "Krstic Stipulation"); and

WHEREAS, by separate stipulation, Mary Koziara has agreed to surrender vacant possession of Apartment 9 at the Premises to the Claimants (the "Koziara Stipulation");

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Undersigned that:

1. Upon condition that Tomislav Krstic, Zivadin Krstic, and Danijela Krstic, actually and timely surrender vacant possession of Apartments 1, 2, 3 and 5 at the Premises to the Claimants pursuant to terms of a Stipulation of even date, before the Civil Court captioned Highline Properties, LLC v Krstic, et. al., and Index Nos.: 73439/10, Index No.: 73440/10, Index No. 73441/10, and Index No.: 73442/10, the Debtor hereby withdraws al claims it has or may have against the Claimants, including but not limited to those claims, as identified in the Adversary Proceeding, and thos claims identified as the Tax Claim, with prejudice; and

2. Upon condition that Tomislav Krstic, Zivadin Krstic, and Danijela Krstic, actually and timely surrender vacant possession of Apartments 1, 2, 3, and 5 at the Premises to the Claimants pursuant to terms of a Stipulation, of even date, before the Civil Court captioned Highline Properties, LLC v Krstic, et. al., and Index Nos.: 73439/10, Index No.: 73440/10, Index No.: 73441/10, and Index No.: 73442/10 the Claimants' hereby withdraw with prejudice their amended Property Proof of Claim and all other claims they have or may have against the Debtor.

3. The Debtor agrees that the DHCR registrations filed subsequent to the Foreclosure Judgment as they pertain to the Premises including those on December 17, 2007, December 24, 2007 and May 8, 2009 were inadvertently erroneous and erroneously filed, in that, since at least May 20, 2003, Apartments 1, 2, 3, 4, 5, 8, 9, and 11 in the Premises were either temporarily and/or permanently exempt from Rent Stabilization.

4. This stipulation may be signed in counterparts and a faxed or electronically signed copy of this stipulation shall be treated as an original for all purposes; and

5. Debtor's counsel agrees to promptly move the bankruptcy court for approval of this stipulation pursuant to FRBP Rule 9109.

6. This stipulation shall be deemed null and void in the event it is not approved by the United States Bankruptcy court for the Southern District of New York.

Dated: New York, New York
November 22, 2010

SHAFFERMAN & FELDMAN, LLP

By: _____
Joel Shafferman
Bankruptcy Counsel for the Debtor
268 Madison Avenue, Suite 502
New York, NY 10017
(212) 509-1802

MICHAEL T. SUCHER, ESQ.

_____
Attorney for Carlton and Highline
26 Court Street, Suite 2412
Brooklyn, NY 11242
(718) 522-1995

SO ORDERED

/s/ Allan L. Gropper
UNITED STATES BANKRUPTCY JUDGE

Dated: December 22, 2010
New York, New York